(18 Misc. Rep. 712.)

PEOPLE ex rel. CHASE v. BARKER et al., Com'rs of Taxes.

(Supreme Court, Special Term, New York County. December, 1896.)

TAXATION—PERSONAL PROPERTY—DEED OF TRUST TO DEFEAT.

　　A deed of trust of personalty, containing a power of instantaneous revocation, made a short time before the assessment day, without transfer of the possession of the property, and without apparent motive for the creation of the trust, does not exempt the grantor from taxation on such property, under 2 Rev. St. (7th Ed.) p. 989, art. 1, § 5, which provides that every person shall be assessed for all the personal estate owned by him, except that in no case shall property held in trust be assessed other than against the trustee.

Certiorari, on the relation of Emma Chase, to review an assessment of personal property by Edward P. Barker and others, commissioners of taxes. Dismissed.

Cardoza & Nathan (Lucien B. Chase, of counsel), for relator.
Francis M. Scott (George S. Coleman, of counsel), for respondents.

RUSSELL, J. The relator seeks to avoid an assessment of $75,000 on personalty owned by her, made by the commissioners in the assessment for the year 1896. She was the owner of sufficient personalty to justify such an assessment, but, shortly prior to the assessment day, executed a deed of trust purporting to transfer the securities to a person acting in a confidential capacity towards her, without a transfer of the possession of the personalty, and with the power of instantaneous revocation. Her counsel cites the well-known cases which hold that the intent to evade taxation does not overcome the absolute legal transfer of property, the lawful creation of a debt which may be deducted from the personalty in estimating the value of that to be assessed, or the actual purchase of nontaxable securities, so as to justify the courts in disregarding the change in the condition of the assessed person because of the evasive intent which prompted such change. It has not, however, yet been held that the intent may not be material in determining the effect of the steps taken to consummate such a change. In this case, no other motive being apparent for the creation of the trust, under the circumstances it is plain that the relator adopted this means to equalize for herself what her counsel claims to be the unequal burden of

assessment in New York City upon personalty, instead of applying to the proper official authority to make such equalization. And the principle to be decided must be determined by this court with the same rules to guide it as though the relator were assessed for her exact proportion of the personalty properly assessable within the municipality of New York. The statute under which assessments are made reads as follows:

"Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession, or under his control as agent, trustee, guardian, executor or administrator, and in no case shall property so held under either of these trusts be assessed against any other person." 2 Rev. St. (7th Ed.) p. 989, art. 1, § 5.

The personality in question was not in the possession nor under the control of the trustee, and so could not be assessed against him. The beneficiary never delivered it to him, nor was there any means by which he could force the possession of it into his own hands. If a demand were made by him, the beneficiary could readily reply that she refused to surrender, and such reply would be justified under her power of revocation. He does not hold any title to protect the rights of any third person, and the person assessed has not only the original title, but the custody, free from all claim of even the trustee, and even the power of absolute disposition; for a sale by her to a third person would carry a complete title, uniting, as it would, the whole beneficiary interest, the manual possession, and the power of revocation of any precedent nominal title in the trustee. Such a valuable property right, freed from the complication of title in any other person, except one created for the sole purpose of avoiding taxation, and limited and circumscribed by the want of power or title in the trustee as against the beneficiary, would justify a recovery against any person who destroyed that property, for the full value thereof, and does justify the assessors in determining that the relator was the owner of personal property at the time of the value of $75,000. The necessity of paying taxes upon personal property would become wholly voluntary with the owners, in this state, if they could be avoided by the execution of such an instrument as that here relied upon by the relator.

The proceeding is dismissed, with costs against the relator.